Filed 6/27/13  P. v. Rodriguez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062852 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN302556) |
| AUGUSTINE RODRIGUEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Kearney and K. Michael Kirkman, Judges.  Affirmed.

Cynthia A. Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Augustine Rodriguez entered into a plea agreement under which he pleaded no contest to knowingly possessing in excess of $25,000, which was derived from a violation of the Uniform Controlled Substances Act, with the intent to conceal or disguise the nature or source of the funds (Health & Saf. Code, § 11370.9, subd. (a); count 1) and transporting such funds for the same purpose (Health & Saf. Code, § 11370.9, subd. (c);

count 2).  In return for his plea Rodriguez received three years formal probation and credit for time served.

Prior to his no contest plea, Rodriguez brought a motion to exclude evidence under Penal Code[1] section 1538.5 and a separate motion to quash the information pursuant to section 995.  The trial court held an evidentiary hearing on the section 1538.5 motion and denied it.  Immediately thereafter the court denied the section 995 motion.

Rodriguez filed a timely notice of appeal and received a certificate of probable cause.  (§ 1237.5.)

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising possible, but not arguable issues.  We offered Rodriguez the opportunity to file his own brief on appeal, but he has not replied.

STATEMENT OF FACTS

Rodriguez was stopped while driving southbound on Interstate 5 by officers from a highway drug interdiction team.  A search of the car revealed in excess of $25,000 in cash secreted in several places in the car.  Rodriguez admitted he was paid to transport the money to Mexico and that he received it from persons involved in illegal narcotics trade.

Since Rodriguez raises a possible issue on appeal regarding the denial of the motion to suppress evidence pursuant to section 1538.5, we will briefly summarize the facts presented at the motion to suppress evidence.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

On February 22, 2012, Orange County sheriff deputies stopped Rodriguez at the Las Pulgas off ramp on southbound Interstate 5. The deputy who stopped the car was suspicious of possible criminal activity, but stopped the car for absence of a front license plate and improperly tinted windows. The deputy activated a camera which recorded the events following the stop.

When the deputy contacted Rodriguez he observed what appeared to be several cell phones, a radar detector and a crucifix, which were hanging from the rear view mirror. The deputy also noted the overwhelming odor of air freshener, all of which were consistent with instances he had encountered involving drug traffic.

Rodriguez explained to the officer that he was driving from near San Francisco to Tijuana, in order to get his car repaired because it was overheating. He said his wife was driving about 15 minutes ahead of him in a rental car, although his children were in the car he was driving.

Rodriguez was asked to step out of the car, which he did. He consented to a pat-down which revealed a sum of money. Rodriguez said it was $500. Rodriguez then gave consent to search the car, and told the deputy there was approximately $60,000 in the car. He later said the money came from cocaine sales. The search produced bundles of money located in various places in the car.

The court found the stop was justified and that it was not prolonged before consent to search was obtained in that the stop lasted eight minutes prior to consent.

The court found the deputy credible and that Rodriguez was not in custody when he gave consent to search or when he made admissions regarding the source of the funds.

3

DISCUSSION

As we have previously noted, appellate counsel has filed a brief indicating she is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436. Pursuant to *Anders, supra*, 386 U.S. 738, the brief indentifies a possible, but not arguable issue:

Whether the trial court erred in failing to grant the motion to suppress evidence on Fourth Amendment grounds under section 1538.5?

We have reviewed the entire record in accordance with *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738 and have not found any reasonably arguable appellate issues. Competent counsel has represented Rodriguez on this appeal.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


IRION, J.

4